United States District Court
Northern District of California

1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 MICHAEL T PINES,

Case No. 18-cv-03849-SI

8     Plaintiff,

9  v.

**ORDER OF PARTIAL DISMISSAL AND TRANSFER**

10 DIRECTOR OF ATASCADERO STATE HOSPITAL, et al.,

Re: Dkt. Nos. 10, 13

11
12     Defendants.
13
14     Michael T. Pines, currently in custody at Atascadero State Hospital in San Luis Obispo,

15 California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983.  He later

16 filed a first amended complaint, which is now before the court for review under 28 U.S.C. §

17 1915A.

18
19                              **BACKGROUND**

20     Pines' first amended complaint covers a wide range of problems he has encountered over

21 the last decade.  There are more than thirty defendants.  *See* Docket No. 10 at 20-26.  The vast

22 majority of the events and omissions giving rise to his claims occurred in San Diego County,

23 although a few occurred elsewhere.  The first amended complaint can be divided roughly into four

24 subjects, although the allegations jump around among those different subjects.

25     The first subject in the first amended complaint is Pines' disbarment from the practice of

26 law in the State of California.  The first amended complaint alleges that Pines was "wrongfully

27 disbarred" in 2011.  Docket No. 10 at 2.  He further alleges that the State Bar of California and

28 Kamala Harris, the Attorney General of the State of California, "mounted a relentless and vigorous

attack on homeowners foreclosure defense attorneys, legal staff, forensic loan auditors, and others who were trying to help property owners defend against what many considered criminal conduct of the banks." *Id.* at 4. He alleges that "the acts of defendants in disbarring and prosecuting plaintiff [were] intentional, malicious, and without due [regard] for plaintiff's rights." Docket No. 10 at 5. He alleges that the State Bar of California is a statewide bar regulating attorneys. *Id.* at 21-22. He also alleges that Kamala Harris was the Attorney General of the State of California and is sued in her official capacity. Docket No. 10 at 22.

The second subject matter area consists of numerous problems that appear to have occurred while Pines was still practicing law, i.e., occurred in 2011 or earlier. The first amended complaint alleges that there was wrongdoing in Pines' 2010 bankruptcy in U.S. Bankruptcy Court in San Diego, *id.* at 2; there was wrongdoing as Pines attempted to represent homeowners in connection with foreclosure proceedings in 2009-2010, *id.* at 4; defendants Chris McLaughlin and Lisa Benedetti (who reside in Carlsbad (located in San Diego County), *id.* at 20) committed wrongs against Pines and his law practice in San Diego, and colluded with the San Diego District Attorney and bankruptcy defendants, *id.* at 5-7; Pines was subjected to excessive force in Encinitas and received improper medical care at an Encinitas hospital (located in San Diego County), *id.* at 9, 30; Pines was unjustifiably sanctioned in a bankruptcy case in Los Angeles County, *id.* at 10; McLaughlin and Benedetti made false statements to obtain harassing restraining orders and have renewed the restraining orders in San Diego County Superior Court,[1] *id.* at 15; the tenant in a bankruptcy case in San Diego made false and defamatory statements, *id.* at 32; and an office buyer acted improperly in a San Diego bankruptcy, *id.* at 32.

The third subject matter area in the first amended complaint consists of claims about the several criminal proceedings against Pines. The first amended complaint alleges that the San Diego, Orange County, and Los Angeles County District Attorneys prosecuted Pines for crimes they knew were based on false and improper evidence, *id.* at 8; Pines' probation and parole was mishandled in San Diego County, *id.* at 10; Pines was wrongfully arrested in Encinitas for another

---

[1] *See* Docket No. 21 at 6 (copy of plea agreement form referring to restraining orders obtained by McLaughlin Benedetti and others in San Diego County Superior Court).

bankruptcy case in San Diego County and had to plead guilty, *id.* at 10-12; Pines was arrested for the unauthorized practice of law after unsuccessfully trying to help the FBI in San Diego and the U.S. Attorney in Atlanta deal with rebels who wanted to overthrow the government, *id.* at 12-13. He further alleges that there was "fraud, perjury, conspiracy" etc. by the Los Angeles District Attorney in a case in which Pines pled guilty and by the Orange County District Attorney in a case in which he was convicted and jailed immediately after the verdict, *id.* at 28-29; and that the San Diego public defenders did not properly represent him, *id.* at 31.

The fourth subject matter area pertains to several problems that arose while Pines was in custody. The first amended complaint alleges that McLaughlin, Benedetti, and the San Diego County District Attorney wrote untrue things that caused Pines' early release date to be revoked earlier this year, *id.* at 7; Pines was abused during his incarceration in the George Bailey Detention Center (located in San Diego), *id.* at 14; the California Department of Corrections and Rehabilitation[2] did something improper – possibly detained him too long -- as described in a writ Pines filed in San Diego County Superior Court, *id.* at 16; Pines wrongfully was sent to Patton State Hospital (located in San Bernardino County) on an unstated date, *id.* at 17-18; Pines wrongfully was sent to Atascadero State Hospital (located in San Luis Obispo County) as a mentally disordered offender on June 12, 2018 from the CDCR, *id.* at 18-20; and the Las Vegas County Sheriff's failed to investigate the complaints Pines made while in custody in Las Vegas that rebels were trying to overthrow the government, *id.* at 31.

The first amended complaint has a section labeled "first cause of action" that purports to allege a claim under 42 U.S.C. § 1983 and conclusorily alleges: "The following civil rights, inter alia, have been violated: right to due process, freedom from cruel and unusual punishment, right to access to courts that are not corrupt, rights under the Equal Protection Clause (18 U.S.C. § § 241, 242), right to free association and travel, and right to liberty, 18 U.S.C. §§ 241, 242, 14th U.S. Constitutional Amendment, California Constitution Art 1 § 1." Docket No. 10 at 26. The "second

---

[2] Pines does not specifically allege where he was in prison before being transferred to Atascadero, but his inclusion of the warden at the California Institution for Men in Chino, *see id.* at 24, suggests Pines may have been that prison in San Bernardino County.

cause of action" is against all but two defendants and alleges a conspiracy or multiple conspiracies but has no facts are alleged to support the conclusory allegation of conspiracy.  *Id.*

In his prayer for relief, Pines requests a temporary restraining order and injunction "setting aside the judgments in all plaintiff's criminal convictions and purging plaintiff's criminal records," "declaring the rights of the parties of the State Bar and plaintiff, and that plaintiff's license to practice law be restored forthwith," damages, and that the sale of a property in Encinitas, California, be set aside.  Docket No. 10 at 32-33.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The first amended complaint overflows with pleading problems, including a potential bar under *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) to some claims, a need to pursue some claims in habeas rather than a civil rights action, likely improper joinder of some claims/defendants, and statute of limitations concerns as to many claims.  This court chooses to address the claim regarding Pines' disbarment and the accompanying venue concerns first, and will leave the remaining problems for the transferee court to address.

A. <u>Claim Regarding Disbarment</u>

As mentioned earlier, the first subject in the first amended complaint is Pines' claim that he was wrongfully disbarred in 2011.  He sues the State Bar of California and Kamala Harris, in her official capacity, for this alleged wrong and seeks damages as well as a restoration of his license to practice law.  The claim must be dismissed because both the State Bar of California and

4

1    Kamala Harris, acting in her official capacity as the Attorney General of the State of California,

2    have Eleventh Amendment immunity against Pines' suit.  The Eleventh Amendment to the U.S.

3    Constitution bars from the federal courts suits against a state by its own citizens, citizens of

4    another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit.

5    *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  Eleventh Amendment immunity

6    also extends to suits against an arm of the state, such as the State Bar of California and California

7    state courts.  *See Simmons v. Justices of the Supreme Court of State of California*, 67 F.3d 708,

8    715 (9th Cir. 1995) ("sovereign immunity bars monetary relief from state agencies such as

9    California's Bar Association and Bar Court"); *see also Simmons v. Sacramento Cnty. Super. Ct.*,

10   318 F.3d 1156, 1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its

11   employees).  Eleventh Amendment immunity also extends to state officials sued in their official

12   capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).  Defendants State Bar of

13   California and Kamala Harris, sued in her official capacity, thus have Eleventh Amendment

14   immunity from this action.  Defendants State Bar of California and Kamala Harris therefore are

15   DISMISSED from this action.  Leave to amend will not be granted because the problems with the

16   claim against these defendants cannot be cured by amendment.[3]

17   _____

18       [3] In *Ex parte Young*, 209 U.S. 123 (1908), the U.S. Supreme Court held that a suit against a
     state official seeking prospective injunctive relief from unconstitutional state action is not
19   considered an action against the state.  Here, the injunctive relief sought with respect to the
     disbarment claim is the restoration of Pines' license to practice law in California arguably would
20   allow him to get around the Eleventh Amendment immunity problem for that part of his claim.
     The *Ex parte Young* exception that might allow him to get around the Eleventh Amendment
21   immunity problem provides no real relief, however, because his request for prospective relief runs
     into the obstacle posed by the *Rooker-Feldman* doctrine.

22       A federal district court is a court of original jurisdiction and does not have appellate
23   jurisdiction over a decision from a state superior court.  *See District of Columbia Court of Appeals
     v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16
24   (1923) (district courts may not exercise appellate jurisdiction over state courts).  The *Rooker-
     Feldman* doctrine bars federal district courts "from exercising subject matter jurisdiction over a
25   suit that is a de facto appeal from a state court judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d
     1136, 1139 (9th Cir. 2004).  Insofar as Pines requests the restoration of his license to practice law
26   because he was wrongly disbarred, his claim is barred by the *Rooker-Feldman* doctrine.  This part
     of his claim is in essence an attack on the judgment of the California Supreme Court disbarring
27   him in *Pines on Discipline*, Cal. S. Ct. No. S204611, in which the California Supreme Court on
     October 17, 2012, ordered that Pines be disbarred from the practice of law in California.  *See
28   Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 607-08 (9th Cir. 2005) (under *Rooker-
     Feldman*, district court lacked subject matter jurisdiction to review the conduct of Oklahoma bar

1      With the dismissal of those defendants and claim, the court considers venue in this action

2  in which the vast majority of the relevant events and omissions giving rise to his claims took place

3  in San Diego County.

4

5     B.  <u>Venue transfer</u>

6      Pines has chosen to file his action in the U.S. District Court for the Northern District of

7  California, alleging that this is the proper venue because he is housed at Atascadero "within this

8  judicial district," he "couldn't possibly get a fair hearing in the Southern District since he harshly

9  criticizes judges and public officials in that district," and "most of the defendants are public

10  entities that can be sued anywhere in the state and defendant State Bar's home office is in San

11  Francisco."  Docket No. 10 at 3.

12      Pines is wrong insofar as he asserts that venue is proper in the Northern District of

13  California because he is in custody in this district.  Atascadero State Hospital, where he is housed,

14  is located in San Luis Obispo County and is within the Central District of California.  Pines'

15  assertion that he cannot get a fair hearing in the Southern District does not provide grounds for

16  keeping the case in the Northern District of California because the assertion is unsupported by any

17  plausible facts showing bias in that district.  *Cf. Los Angeles Memorial Coliseum Comm'n v. NFL*,

18  89 F.R.D. 497, 502-12 (C.D. Cal. 1981) (mere perception by defense that local jurors would be

19  prejudiced due to adverse publicity is not sufficient for a transfer).  The only claim that arguably

20  has an actual connection to the Northern District of California -- that is, the claim that Pines was

21

22  disciplinary proceedings against plaintiff); *Dixon v. State Bar of California*, 32 F. App'x 355 (9th

23  Cir. 2002) (disbarred attorney's § 1983 action against the State Bar, State Bar officials and the
California Supreme Court was barred by *Rooker-Feldman* because it presented the same claims

24  made in her petition to the California Supreme Court to review the decision recommending her
disbarment); *see also Clark v. State of Washington*, 366 F.2d 678 (9th Cir. 1966) (district court

25  lacked jurisdiction to entertain a suit by a disbarred attorney to set aside the disbarment).  *But see
Mothershed,* 410 F.3d at 607-08 (although *Rooker-Feldman* bars challenges to a state-court

26  decision in a particular case (such as plaintiff's claims that defendants failed to apply a particular
rule during his own state bar disciplinary hearing and failed to issue a summons), claims that

27  challenged the rules themselves, rather than the individualized decision, would not be barred).
Here, *Rooker-Feldman* bars Pines' claim that he is entitled to have his license to practice law

28  restored because it was wrongly taken away; that claim would require this court to determine that
the California Supreme Court erroneously disbarred him.

wrongfully disbarred and the headquarters of the State Bar of California is located in San Francisco, within the Northern District of California -- is being dismissed today, as explained above.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Venue for this action is proper in the Southern District of California. *See* 28 U.S.C. § 1391(b)(2). The Southern District of California also would be the more convenient forum for several reasons. Almost all of the defendants are located in San Diego County. That county is within the venue of the Southern District of California. The witnesses and evidence likely will be found primarily in the Southern District of California as that is the district in which most of the relevant events and omissions occurred and the plaintiff is in custody. None of the events or omissions giving rise to the remaining claims in the first amended complaint occurred in the Northern District of California, and it does not appear that any witnesses are located in the Northern District of California. Although Pines would prefer to litigate in the Northern District of California, he does not reside here and does not allege that his claims have any substantial connection to the Northern District of California.[4] *See IBM Credit Corp. v. Definitive Computer Serv., Inc.,* 1996 WL 101172, *2 (N.D. Cal. 1996) ("Ordinarily, where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum."); 17 *Moore's Federal Practice*, § 111,13[1][c] (Matthew Bender 3d Ed.) ("When the chosen forum is neither the plaintiff's residence nor the place where the operative events occurred, the court is likely to override the plaintiff's choice . . . unless the plaintiff can show that some other valid reason

---

[4] Even the disbarment claim (which is being dismissed) has a limited connection to the Northern District. The disciplinary decision available online shows that the hearing was done at the State Bar Court's hearing department in Los Angeles. *See In the Matter of Michael T. Pines*, Case Nos. 10-O-10600, 10-O-11023, and 11-O-11401, Decision and Order of Involuntary Inactive Enrollment filed 6/11/12, available at http://members.calbar.ca.gov/fal/Licensee/Detail/77771. In fact, the last time Pines sued the State Bar regarding his discipline, he filed his action in the Central District of California. *See Pines v. State of California*, C. D. Cal. No. CV 12-1287 RGK (MRWx) (voluntarily dismissed on June 13, 2012, while motion to dismiss was pending).

supports the plaintiff's choice of forum").  For the convenience of the parties and witnesses, and in the interest of justice, the court now determines that this action should be transferred to the Southern District of California.  *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The State Bar of California and Kamala Harris in her official capacity as the Attorney General of the State of California, and the claims against them, are dismissed with prejudice.

For the convenience of the parties and witnesses, and in the interest of justice, this action is now transferred to the United States District Court for the Southern District of California.  *See* 28 U.S.C. §§ 1404(a). The clerk shall transfer this matter forthwith.

Pines' motion for reconsideration of the order denying his request for a TRO is DENIED because it is frivolous.  Docket No. 13.  Pines is not entitled to the requested relief for the reasons stated in the order denying the request for the TRO and the order denying the amended request for a TRO.  *See* Docket Nos. 5, 9.

Finally, because this action is being transferred to the Southern District of California, Pines should not file any more documents in the Northern District of California and instead should send everything for filing in this case to the U.S. District Court for the Southern District of California, located in San Diego, California.

**IT IS SO ORDERED**.

Dated:  August 8, 2018

_____

SUSAN ILLSTON
United States District Judge