**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL T. PINES,<br><br>         Plaintiff,<br><br>vs.<br><br>DIRECTOR OF ATASCADERO STATE HOSPITAL, et al.,<br><br>         Defendants. | Case No.: 3:18-cv-01876-MMA-JLB<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IFP; (2) DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM, AS FRIVOLOUS, AND FOR SEEKING MONEY DAMAGES AGAINST IMMUNE DEFENDANTS; AND (3) DENYING PLAINTIFF'S MOTION FOR EXPEDITED RULINGS, APPLICATION FOR ORDERS, AND REQUEST FOR APPOINTMENT OF COUNSEL** |

On June 27, 2018, Plaintiff Michael T. Pines, proceeding *pro se*, and while civilly detained at Atascadero State Hospital in Atascadero, California, filed this civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California. *See* Doc. No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead he has

filed multiple Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. §1915(a), *see* Doc. Nos. 6, 14, 20, along with motions for immediate and preliminary injunctive relief. *See* Doc. Nos. 2, 3, 7.

United States District Judge Susan Illston denied Plaintiff's motions for injunctive relief. *See* Doc. No. 9. On July 26, 2018, Plaintiff filed a First Amended Complaint ("FAC"). *See* Doc. No. 10. Thereafter, Judge Illston issued an "Order of Partial Dismissal and Transfer" on August 8, 2018. *See* Doc No. 22. In this Order, Judge Illston dismissed Defendants State Bar of California and Kamala Harris with prejudice, denied Plaintiff's motion of reconsideration of the order denying his request for immediate injunctive relief as frivolous, and transferred the matter to the Southern District of California. *Id.* at 8.

On August 7, 2018, the Court received and docketed correspondence from the "Officer of the District Attorney for the County of San Diego," dated July 31, 2018, that included a copy of a plea agreement between Plaintiff and the San Diego County District Attorney's Office. *See* Doc. No. 21. The Court took judicial notice of the plea agreement, and a provision contained therein purportedly agreed to by Plaintiff which states that Plaintiff "may not and will not initiate any civil actions of any kind, as an *in propria persona* or as a *pro se* litigant in any state or federal court located within the State of California without the express prior approval of the presiding judge of the Court in which the contemplated action would be filed." *See* Doc. No. 21 at 6. In addition, the terms of the plea agreement reflect that Plaintiff agreed "to dismiss and/or withdraw from every state or federal civil action of which he is a complainant and which he filed or joined the action as an *in propria persona* or as a *pro se* plaintiff-litigant, without express prior approval of the presiding judge of the Court in which the contemplated action would be filed." *Id.* In light of the terms set forth in the plea agreement, the Court ordered Plaintiff to show cause why the case should not be dismissed, as it appeared that Plaintiff did not seek permission to file this action with the Presiding Judge of either the Northern District of California or the Southern District of California. *See* Doc. No. 35.

On September 6, 2018, Plaintiff filed his response to the Court's Order and subsequently filed a declaration in support of his response. *See* Doc. Nos. 35, 36. In these documents, Plaintiff claims he does not recall this plea agreement and "such conditions of plea bargains are improper and void." Doc. No. 35 at 1. For the reasons set forth below, the Court finds that the entire action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, the Court need not resolve the enforceability of the pre-filing condition set forth in Plaintiff's plea agreement. However, the Court notes that any further actions may ultimately be barred if Plaintiff fails to comply with the express conditions of his plea agreement.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, ... ceased being a 'prisoner' when he

was released from the custody of the Department of Corrections.").

Because Plaintiff is currently committed at Atascadero, and was not a "prisoner" as defined by the PLRA when he filed this action, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. *Andrews*, 398 F.3d at 1122. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action, and **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 34; S.D. Cal. CivLR 3.2(d).

## II. Request for Counsel

Plaintiff seeks appointment of counsel to assist him in this matter. *See* Doc. No. 41. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The pleadings filed by Plaintiff to date demonstrate he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex." *Agyeman,* 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

///

///

### III. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

#### A. Standard of Review

A complaint filed by any person proceeding IFP is subject to *sua sponte* dismissal if the complaint is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.  Plaintiff's FAC

As Judge Illston stated in her August 8, 2018 Order "Pines' [FAC] covers a wide range of problems he has encountered over the last decade" and contains "more than thirty defendants." *See* Doc. No. 22 at 1. The Court addresses Plaintiff's remaining claims in turn.

1.  *Plaintiff's Bankruptcy Claims*

Plaintiff alleges he filed for bankruptcy in San Diego in January of 2010. *See* FAC at 2. Plaintiff contends that the "U.S. Trustee and her attorneys, private trustees and her attorneys, the Judge, and Lisa DeBenedittis and attorney Christina McLaughlin engaged in a criminal conspiracy and committed crimes against Plaintiff." *Id.*

Plaintiff has already filed these identical claims against these identical defendants in 2011. *See Pines v. McLaughlin, et al.*, S.D. Cal. Civil Case No. 3:11-cv-00474-WQH-JMA. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A plaintiff's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations omitted).

Because Plaintiff's current bankruptcy-related claims are identical to the claims he made against the same individuals in the 2011 action, the Court **DISMISSES** the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

///

### 2. *Prosecutorial Immunity*

Plaintiff names the District Attorney for "San Diego, Orange County, and Los Angeles" as Defendants, and alleges that their "acts in prosecuting Plaintiff were knowing, intentional and done with malice and in conscious disregard of Plaintiff's rights." *See* FAC at 8. To the extent that Plaintiff seeks "punitive damages" against these Defendants, these claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because these Defendants are entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities.").

### 3. *Excessive Force and Inadequate Medical Care Claims*

Plaintiff alleges that "during one of [his] arrests," an unnamed Sheriff Deputy "immediately threw Plaintiff to the ground breaking" his collar bone. *See* FAC at 9. Plaintiff claims he was "taken to Scripps Encinitas Hospital." *Id.*

Plaintiff acknowledges that he has been incarcerated since 2011. *See* Doc. No. 27 at 2. Plaintiff did not file this action until June 2018. *See* Doc. No. 1. Therefore, since these incidents were alleged to have occurred prior to his incarceration, these claims arose at least seven years ago. "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

Section 1983 contains no specific statute of limitation; therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.

2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for an additional two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for *most* California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful acts" alleged to have been taken against Plaintiff occurred more than seven years before he filed this action on June 27, 2018, and thus, are outside California's statute of limitations – even if the Court presumes Plaintiff is entitled to two years of statutory tolling pursuant to CAL. CODE CIV. PROC. § 352.1(a). *Wallace*, 591 U.S. at 391; *see also Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1

(tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration).

Plaintiff's claims could be considered timely if he alleged facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (1994); *Addison v. State of California*, 21 Cal. 3d 313, 316-17 (1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679. A review of the PACER system shows that Plaintiff has filed over twenty civil actions since 2011, none of which raise these claims, and thus, he cannot demonstrate that he "diligently pursued" the claims.[1] Accordingly, the Court finds that because it is clear from the face of Plaintiff's FAC that his claims against Defendant San Diego Sheriff and Scripps Encinitas Hospital are barred by the statute of limitations, those claims are subject to *sua sponte* dismissal for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

    4.    **Heck Bar**

Plaintiff claims that several Defendants, the U.S. Bankruptcy Trustee, the Federal Bureau of Investigation ("FBI"), and various other individuals acted with "malice and conscious disregard" for his "rights," which led to his incarceration. FAC at 11-13.

---

[1] *See* PACER case locator https://pcl.uscourts.gov/pcl/pages/welcome.jsf (website last visited October 3, 2018.)

Plaintiff also alleges that he has been confined past the date of his release date. *See* FAC at 17.

Claims challenging the validity of a person's continued incarceration, including the fact or length of the custody, are within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 & n.14 (1973). In contrast, a civil rights action, typically brought pursuant to 42 U.S.C. § 1983, is the proper method for challenging unconstitutional conditions of confinement, but not the fact or length of custody. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499.

To the extent Plaintiff seeks damages based on his allegedly wrongful commitment and sentence, he may not do so in a § 1983 suit *before* successfully invalidating his criminal conviction and sentence either by way of direct appeal or the issuance of a state or federal writ of habeas corpus:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 22 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003); *Preiser*, 411 U.S. at 489-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court); *see also Rodgers v. Superior Court of San Diego*, No. 3:16-CV-02864-BEN-JMA, 2017 WL 890469, at *4 (S.D. Cal. Mar. 1, 2017) (*sua sponte* dismissing § 1983 suit filed by patient committed to Atascadero State Hospital based on *Heck*'s favorable termination doctrine pursuant to 28 U.S.C. § 1915(e)(2).).

///

### 5. *Claims arising at Atascadero State Hospital*

Plaintiff raises several claims arising while housed at Atascadero. *See* FAC at 17-20. First, the Court takes judicial notice of the fact that Plaintiff has already raised these claims in a separate action in the Central District of California. *See Pines v. Director of Atascadero State Hospital, et al.*, C.D. Civil Case No. 2:18-cv-06854-RGK-MRW. Therefore, the Court must dismiss these claims as duplicative, and therefore frivolous, pursuant to 28 U.S.C. § 1915(e)(2). Moreover, the Southern District of California is not the proper venue for claims that arose at Atascadero because the hospital is not located in San Diego County or Imperial County. *See* 28 U.S.C. § 1391(b) (A "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]").

## IV. Conclusion

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 34);

2) **DENIES** Plaintiff's Request for Counsel (Doc. No. 41);

3) **DISMISSES** Plaintiff's FAC *sua sponte* as frivolous, for failing to state a claim upon which § 1983 relief can be granted, and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B);

4) **DENIES** Plaintiff's Motion for "Request for Expedited Rulings" and Motion for "Application for Orders" (Doc Nos. 30, 32) as moot;

5) **DENIES** leave to amend as futile, *see Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend);

///

///

6) **CERTIFIES** that an IFP appeal of this dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

7) **DIRECTS** the Clerk to enter a final judgment and close the file.

**IT IS SO ORDERED**.

DATE: October 9, 2018

_/s/ Michael M. Anello_
HON. MICHAEL M. ANELLO
United States District Judge